UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>J. CHAN, et al.,<br><br>        Defendants. | No.  2:16-cv-1536 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
3  § 1915(b)(2).
4        The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11 Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
13 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
17 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
18 1227.
19       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
20 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
22 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
23 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
24 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
25 sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific
26 facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what
27 the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93
28 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

1 In reviewing a complaint under this standard, the court must accept as true the allegations of the
2 complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most
3 favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
4 grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5 Plaintiff's original complaint did not bear his signature; thus, plaintiff was provided an
6 opportunity to remedy the oversight. On August 1, 2016, plaintiff provided a signature page.
7 The Clerk of the Court is directed to scan plaintiff's signature page (ECF No. 8 at 2) into his
8 complaint (ECF No. 1) as page six.

9 The court now screens plaintiff's complaint. Plaintiff names the following physicians as
10 defendants: J. Chau, G. Pettersen, R. Rudas, and C. Smith. Plaintiff alleges that he suffers from a
11 "multilevel degenerative spondylosis," which causes him high levels of pain for which he
12 previously was prescribed tramadol or morphine. (ECF No. 1 at 3.) However, when he was
13 transferred to Mule Creek State Prison, plaintiff avers that he was taken off these medications
14 without a medical explanation and placed on methadone and naproxen for pain. Plaintiff
15 contends that he has repeatedly explained to these defendants that these medications do not
16 relieve the pain, but they refuse to return plaintiff to the medications that work.

17 The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits deliberate
18 indifference to the serious medical needs of prisoners. McGuckin v. Smith, 974 F.2d 1050, 1059
19 (9th Cir. 1992). A claim of medical indifference requires (1) a serious medical need, and (2) a
20 deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.
21 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to
22 respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id.
23 Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the
24 prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-
25 46 (9th Cir. 2002); McGuckin, 974 F.2d at 1060a; Shapley v. Nevada Bd. Of State Prison
26 Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is
27 insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing
28 Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "Deliberate indifference is a high legal standard."

Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105. An allegation that prison officials deliberately ignored a prisoner's complaint about the ineffective nature of prescribed pain medication and the pain being suffered as a result can, in some circumstances, give rise to a constitutional claim. See Chess v. Dovey, 2011 WL 567375, at *21 (E.D. Cal. Feb. 15, 2011) (denying summary judgment on Eighth Amendment claim where the doctor "ignored plaintiff's complaint about the ineffective nature of the Tylenol, aspirin and other medications he was being given and the pain being suffered as a result"); Franklin v. Dudley, 2010 WL 5477693, at *6 (E.D. Cal. Dec. 29, 2010) (existence of triable issue of fact as to whether defendant violated Eighth Amendment precluded the granting of summary judgment where plaintiff was previously prescribed narcotic pain medication but now was given only Motrin, Naprosyn, and Tylenol under prison's no-narcotic policy). However, a prisoner does not have a constitutional right to the medication of his choice, and a mere difference of opinion regarding appropriate treatment and pain medication is insufficient to give rise to a constitutional claim. Toguchi, 391 F.3d at 1058; Wilson v. Borg, 1995 WL 571481, at *2 (9th Cir. Sept. 27, 1995); McMican v. Lewis, 1995 WL 247177, at *2 (9th Cir. Apr. 27, 1995).

Here, plaintiff fails to provide specific charging allegations as to each named defendant. Plaintiff did not identify which doctor took him off the tramadol or morphine, and whether there was a gap between the discontinuation of the morphine and when the methadone prescription

1  began.  The exhibits appended to the complaint suggest that some of the doctors were only
2  involved in the administrative appeal process.  First, plaintiff must include specific charging
3  allegations as to each defendant within his pleading; defendants are not required to pore through
4  exhibits in an effort to determine the nature of plaintiff's claims.  Second, prisoners have no
5  stand-alone due process rights related to the administrative grievance process.  See Mann v.
6  Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th
7  Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance
8  process).  Thus, if a doctor involved in the appeals process is named as a defendant, plaintiff must
9  provide specific charging allegations explaining how and why such doctor was deliberately
10 indifferent to plaintiff's serious medical needs.

11         Plaintiff must allege facts as to each doctor's culpable state of mind; in other words, how
12 each named doctor was deliberately indifferent to plaintiff's serious medical needs.  Plaintiff must
13 allege facts demonstrating that the change in pain medication is not simply a difference of
14 medical opinion, particularly because methadone is often prescribed in place of morphine.

15         The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
16 unable to determine whether the current action is frivolous or fails to state a claim for relief.  The
17 court has determined that the complaint does not contain a short and plain statement as required
18 by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a
19 complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones
20 v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least
21 some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.
22 Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the
23 complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

24         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
25 about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.
26 Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each
27 named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is
28 some affirmative link or connection between a defendant's actions and the claimed deprivation.

Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to scan plaintiff's signature page (ECF No. 8 at 2) into his complaint (ECF No. 1) as page six.

4. Plaintiff's complaint is dismissed.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

      6. The Clerk of the Court shall send plaintiff the form for filing a civil rights action by a prisoner.

Dated: November 22, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/john1536.14

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WILLIAM JOHNSON,<br><br>            Plaintiff,<br><br>     v.<br><br>J. CHAU, M.D., et al.,<br><br>            Defendants. | No.  2:16-cv-1536 JAM KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint
DATED:

                                        _____
                                        Plaintiff