UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>J. CHAU, et al.,<br><br>        Defendants. | No. 2:16-cv-1536 JAM KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. This case proceeds on plaintiff's claims that defendants were deliberately indifferent to plaintiff's serious medical needs by denying plaintiff medications prescribed at two prior prisons, and which previously successfully managed plaintiff's severe pain. (ECF No. 13 at 1.) In his recent filing, plaintiff requests that the court appoint counsel. Plaintiff argues that he is "unlearned in the law, and has been assisted throughout this process by a qualified legal assistant." (ECF No. 31 at 1.) Plaintiff states that this assistant is about to be transferred, leaving plaintiff at a "great disadvantage should he be forced to proceed without such assistance." (ECF No. 31 at 3.) Plaintiff complains that jailhouse lawyers are not vetted by the California Department of Corrections and Rehabilitation, and often attempt to extort money from unsuspecting prisoners desperate to receive legal assistance.

////

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. <u>See</u> 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. All defendants have not yet filed a responsive pleading, and no discovery has been propounded. At this stage of the proceeding, the court is unable to determine whether plaintiff is likely to succeed on the merits of his claim.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 31) is denied without prejudice.

Dated: January 4, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john1536.31