UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. CHAU, et al.,<br><br>    Defendants. | No. 2:16-cv-1536 JAM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff's motion for a temporary restraining order and preliminary injunction is before the court. As discussed below, plaintiff's motion should be denied.

Background

The instant action proceeds on plaintiff's claims that between June 2015 and August 2016, defendants Dr. Chau, Dr. Pettersen, Dr. Rudas, and Dr. Smith reviewed plaintiff's medical records reflecting plaintiff suffers severe pain from his myriad medical issues, including severe back pain. Despite plaintiff's complaints that the current medications do not control his severe pain, plaintiff alleges defendants refused plaintiff's request to prescribe tramadol and morphine, both of which successfully managed plaintiff's severe pain at two prisons. Plaintiff includes a state law claim for medical malpractice.

////

1

Motion for Injunctive Relief

In plaintiff's motion for injunctive relief, he alleges that multiple specialists have advised him that he should be specially housed due to his medical conditions, including housing on a lower tier, as demonstrated by the permanent CDCR 7410 Comprehensive Accommodation Chrono ("chrono") issued for ground floor, limited stairs, issued by Dr. Jackson on August 16, 2017. (ECF No. 36 at 20.) On or about November 22, 2017, custody staff informed plaintiff that the custodial computer system ("SOMS") was not showing lower tier, and advised plaintiff to seek medical attention to correct the problem. Plaintiff's efforts to correct the problem failed, and despite having the permanent chrono, and despite multiple efforts on his behalf to demonstrate to prison staff that he should not be housed on the upper tier due to his very serious medical issues, plaintiff was required by Correctional Officer Arreaga to move to an upper tier. Plaintiff alleges that he sustained another neck injury while he was required to physically move his property, and states he had not yet been seen by medical staff for such injury despite submitting seven health care requests. Plaintiff contends he continues to be at risk due to the increased number of stairs he now has to take. Plaintiff alleges that he is at serious risk of paralysis or death due to his recent move to the upper tier, contrary to the permanent chrono requiring that plaintiff be housed on the lower tier. Plaintiff seeks an injunction requiring prison officials to return him to a lower tier cell, and restrain defendants from altering his permanent lower tier status.

Defendants oppose plaintiff's request arguing that Dr. Pandove recently examined plaintiff and determined that his medical condition does not warrant assignment to a lower tier or a lower bunk, and that plaintiff made no complaint to Dr. Pandove about any recent neck pain or injury, and the examination failed to reflect any noteworthy finding concerning plaintiff's neck. Second, defendants argue that the court lacks jurisdiction to grant the relief because plaintiff's motion concerns events that have taken place since August of 2017, concerns actions by custody staff and doctors not named as defendants herein, and the issue of plaintiff's housing is not being litigated in this case.[1]

---

[1] In addition, defendants note that plaintiff must first exhaust his administrative remedies as to such new claims. 42 U.S.C. § 1997e(a).

Standards

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L. R. ("Local Rule") 231(a). It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction, particularly when, as here, the motion has been served on the adverse party. Local Rule 231(a).

A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). In evaluating the merits of a motion for preliminary injunctive relief, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). A preliminary injunction is appropriate when a plaintiff demonstrates . . ."serious questions going to the merits and a hardship balance [ ] tips sharply toward the plaintiff, . . . assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). An injunction against individuals who are not parties to the action is strongly disfavored. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

Discussion

As argued by defendants, the motion for injunctive relief challenges the actions of custodial staff from August of 2017, and plaintiff's housing assignment is not being litigated in

3

this action. Thus, plaintiff's claims for injunctive relief will not be given a hearing on the merits at trial. In addition, no custodial staff are named as defendants in this action, and the doctors referred to in connection with the chrono, Dr. Jackson and Dr. Hopkins, as well as plaintiff's current doctor, Dr. Pandove, are also not named as defendants in this action.[2] Hazeltine, 396 U.S. at 100. For all of these reasons, plaintiff's motion should be denied.

Second, defendants have provided medical records reflecting that on February 16, 2018, plaintiff was seen by nonparty Dr. Pandove. The outpatient progress note does not reflect that plaintiff reported any neck pain or injury to his neck; rather the purpose of the examination was "follow up on morphine renewal." (ECF No. 39 at 13.) During the physical examination, Dr. Pandove examined plaintiff's neck and found "no carotid bruits or lymphadenopathy or thyromegaly." (ECF No. 39 at 13.) Dr. Pandove noted plaintiff's cervical spondylosis, and that plaintiff "got angry and walked out of room hastily when told that he does not qualify for lower bunk lower tier," and "is going to 602 [appeal] it." (ECF No. 39 at 16.) In light of this medical record, it does not appear that plaintiff is at risk of imminent harm based on his housing assignment.

Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 36) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

---

[2] Plaintiff includes conclusory allegations that defendants Chau, Pettersen, Rudas, and Smith are responsible for seeing that all medical orders are carried out by custodial staff, but plaintiff included no specific factual allegations as to their involvement in plaintiff's housing assignment from August of 2017 to January of 2018.

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 22, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/john1536..tro