UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHNSON, | No. 2:16-cv-1536 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. CHAU, M.D., et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with this civil rights action seeking relief under 42 U.S.C. § 1983. This action proceeds on plaintiff's amended complaint in which he alleges that despite plaintiff's complaints that current medications do not control his severe pain, defendants Dr. Chau, Dr. Pettersen, Dr. Rudas, and Dr. Smith refused plaintiff's request to prescribe tramadol and morphine, both of which successfully managed his severe pain while he was housed at two prior prisons. (ECF No. 13 at 1.) Defendants have answered the complaint, and a scheduling order has issued.

On August 15, 2018, plaintiff filed a motion for leave to file a second amended complaint. Plaintiff's motion was not, however, accompanied by a proposed second amended complaint. As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Because plaintiff did not submit a proposed second amended complaint, the court is unable to evaluate it.

1

Plaintiff is cautioned that he may not amend his pleading to raise unrelated claims. A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

Moreover, plaintiff is required to first exhaust available administrative remedies as to any prison condition claim. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Exhaustion is a precondition to suit; exhaustion during the pendency of the litigation is insufficient. McKinney, 311 F.3d at 1199-1200.5.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for leave to amend (ECF No. 47) is denied without prejudice.

Dated: August 30, 2018

/john1536.10b

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2