UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHNSON,<br><br>            Plaintiff,<br><br>   v.<br><br>J. CHAU, et al.,<br><br>            Defendants. | No. 2:16-cv-1536 JAM KJN P<br><br>ORDER |

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       On March 22, 2018, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.

       Plaintiff's reply to defendants' opposition to the motion for injunctive relief was filed after the findings and recommendations were issued. Under the mailbox rule, plaintiff's reply was timely-filed. Plaintiff also filed a supplemental reply, as well as objections to the findings and recommendations. Defendants did not file a reply to the objections.

       This action proceeds on plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims, and related state law claims for medical malpractice and negligence based

on plaintiff's claims that defendants Dr. Chau, Dr. Pettersen, Dr. Rudas, and Dr. Smith failed to adequately treat plaintiff's severe pain from multilevel cervical spondylosis, worse at C4-5 with the second worse at C5-C6 with bilateral mild to moderate foraminal stenosis, and with a right-sided herniated nucleus pulposus. In the motion for injunctive relief, plaintiff challenges the actions of custodial staff from August of 2017 as to plaintiff's housing assignment, which is not being litigated in this action. Rather, plaintiff is challenging the medical treatment he received or did not receive, both in his Eighth Amendment claim, as well as his supplemental state law claims, for his severe pain between June 2015 and August 2016. Thus, as the magistrate judge found, plaintiff's claims for injunctive relief will not be given a hearing on the merits of the claims underlying his request for injunctive relief at trial in this action.

Plaintiff argues that the custodial staff act on the directions of physicians, and all physicians work under the direct supervision of Dr. Smith, who is a named defendant in this case. But the nature of plaintiff's complaints are unrelated[1] -- in the operative pleading, plaintiff's focus is treatment for his severe pain from June 2015 to August 2016. There is no mention of his alleged need to be housed on a lower tier or in a lower bunk. Moreover, because plaintiff's housing assignment was not changed until August of 2017, he could not have exhausted his administrative remedies as to such claims prior to the filing of this action in 2016.[2] For all of these reasons, the court would not grant plaintiff leave to amend to include such housing challenge in this action. Rather, plaintiff must file such claims in a new civil rights action once

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

[2] As an aside, it appears that plaintiff has been returned to lower bunk status, as indicated in his June 7, 2018 court filing. (ECF No. 45 at 5.)

he has exhausted his administrative remedies.[3]

Both Dr. Jackson and Dr. Pandove confirm that plaintiff suffers from cervical spondylosis. (ECF No. 39 at 13, 16.) At plaintiff's recent appointment with Dr. Pandove, plaintiff complained of no neck injury, and the plan was to continue his prescription for morphine. (ECF No. 39 at 3; No. 41 at 4.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a <u>de novo</u> review of this case. Although plaintiff's supplemental reply was not authorized, <u>see</u> Local Rule 230(l), the undersigned has reviewed plaintiff's supplemental reply, reply, and objections. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 22, 2018, are adopted in full; and
2. Plaintiff's motion for injunctive relief (ECF No. 36) is denied.

October 24, 2018

<u>John A. Mendez</u>
United States District Court Judge

---

[3] On February 28, 2018, the outpatient progress note reflects that after plaintiff was told he does not qualify for lower bunk lower tier, plaintiff said he was going to "602 it," meaning file an administrative appeal. (ECF No. 39 at 16.)

3