UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. CHAU, et al.,<br><br>　　　　　　Defendants. | No. 2:16-cv-1536 JAM KJN P<br><br>ORDER AND REVISED SCHEDULING ORDER |

Plaintiff is a state prisoner, proceeding pro se. On October 22, 2018, plaintiff filed a motion to compel discovery. Plaintiff seeks to compel defendants Chau, Pettersen, Rudas, and Smith to answer plaintiff's requests for production of documents and first set of interrogatories. Defendants filed an opposition; plaintiff filed a reply. In the meantime, defendants filed a motion for summary judgment on the merits of plaintiff's claims. Plaintiff now seeks an extension of time in which to file an opposition to the motion for summary judgment, based in part on the pending discovery motion.

As discussed below, plaintiff's motion to compel discovery is denied in part and granted in part. In light of this ruling, defendants' motion for summary judgment is denied without prejudice to its renewal following a brief extension of the discovery period.

////

////

1

**Request for Production of Documents**

Plaintiff propounded two requests for production of documents on each defendant.

**REQUEST FOR PRODUCTION NO. 1:**

> Any and all documents and reports concerning the examination of the Plaintiff's unit Health records by defendant Chau on or about June 1, 2015 regarding the plaintiff's multilevel cervical spondylitis, including but not limited to, interdisciplinary progress notes, medical progress notes, physician's notes, comprehensive accommodation chrono (CDCR 7410), health care services request forms (CDCR 7362), durable medical equipment and supple [sic] receipts (CDCR 7536), pain management committee notes, and CDCR-128s.

(ECF No. 49 at 8.)

**RESPONSE TO REQUEST NO. 1:**

> Objection. Vague and ambiguous as to "concerning." Overly broad and unduly burdensome. As phrased, this request calls for the production of documents protected by the attorney-client privilege and the attorney work-product doctrine. Without waiving these objections, and assuming Plaintiff is requesting only medical records, all documents responsive to this request would be located in Plaintiff's CDCR medical records and equally available to Plaintiff. Responding party also refers Plaintiff to Exhibit A.[1]

(ECF No. 49 at 8.)

**REQUEST FOR PRODUCTION NO. 2:**

> Any and all documents and reports concerning the Plaintiff from contract agencies relating to his multilevel cervical spondylitis reviewed by defendant Chau during the course of his treatment of the plaintiff, including but not limited to, the June 24, 2009 report from Dr. Arthur Nathanson, the February 19, 2010 report from Dr. Jan Mensink, the July 16, 2012 report from Dr. R. Mack, the September 18, 2015 report from Dr. H.D. Segal, and the September 22, 2016 report from Dr. E. Tabaraee.

(ECF No. 49 at 8.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

> Objection. Vague and ambiguous as to "concerning" and "contract agencies." Also vague and ambiguous as to time. Overly broad and unduly burdensome. As phrased, this request calls for the production

---
[1] Despite objections, defendants produced Exhibit A, consisting of records regarding Chau's examination of plaintiff. (ECF No. 51 at 4, citing Wilson Decl. Ex. A.)

of documents protected by the attorney-client privilege and the attorney work-product doctrine. Without waiving these objections, and assuming Plaintiff is requesting only medical records, all documents responsive to this request would be located in Plaintiff's CDCR medical records and equally available to Plaintiff. Responding party also refers Plaintiff to Exhibit B.

(ECF No. 49 at 8-9.)

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents and reports concerning the examination of the Plaintiff's unit Health records by defendant Pettersen on or about June 24, 2015 regarding the plaintiff's multilevel cervical spondylitis, including but not limited to, interdisciplinary progress notes, medical progress notes, physician's notes, comprehensive accommodation chrono (CDCR 7410), health care services request forms (CDCR 7362), durable medical equipment and supple [sic] receipts (CDCR 7536), pain management committee notes, and CDCR-128s.

(ECF No. 49 at 12.)

**RESPONSE TO REQUEST NO. 1:**

Objection. Vague and ambiguous as to "concerning." Overly broad and unduly burdensome. As phrased, this request calls for the production of documents protected by the attorney-client privilege and the attorney work-product doctrine. Without waiving these objections, and assuming Plaintiff is requesting only medical records, all documents responsive to this request would be located in Plaintiff's CDCR medical records and equally available to Plaintiff. Responding party also refers Plaintiff to Exhibit C.

(ECF No. 49 at 12.)

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents and reports concerning the Plaintiff from contract agencies relating to his multilevel cervical spondylitis reviewed by defendant Pettersen during the course of his treatment of the plaintiff, including but not limited to, the June 24, 2009 report from Dr. Arthur Nathanson, the February 19, 2010 report from Dr. Jan Mensink, the July 16, 2012 report from Dr. R. Mack, the September 18, 2015 report from Dr. H.D. Segal, and the September 22, 2016 report from Dr. E. Tabaraee.

(ECF No. 49 at 12.)

////

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

> Objection. Vague and ambiguous as to "concerning" and "contract agencies." Also vague and ambiguous as to time. Overly broad and unduly burdensome. As phrased, this request calls for the production of documents protected by the attorney-client privilege and the attorney work-product doctrine. Without waiving these objections, and assuming Plaintiff is requesting only medical records, all documents responsive to this request would be located in Plaintiff's CDCR medical records and equally available to Plaintiff. Responding party also refers Plaintiff to Exhibit B.

(ECF No. 49 at 12-13.)

Similar requests were propounded to and similar responses were provided by the remaining defendants. (ECF No. 49 at 15-22.)

<u>Applicable Legal Standards</u>

Under Rule 26 of the Federal Rules of Civil Procedure, [p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u>

With respect to requests for production, a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). A party objecting to a request for production must state the reasons for the objection. Fed. R. Civ. P. 33(b)(2)(B).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting <u>Avila v. Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).

<u>Discussion</u>

Putting aside defendants' other objections, this court will not order defendants to produce documents that are equally accessible to plaintiff. <u>See, e.g.</u>, <u>Ford v. Wildey</u>, 2014 WL 4354600 at

* 4 (E.D. Cal. Sept. 2, 2014) ("Defendant indicates that any such documents are located in his central file for which Plaintiff has equal access," thus complying with Rule 34 of the Federal Rules of Civil Procedure.); Valenzuela v. Smith, 2006 WL 403842 at *2 (E.D. Cal. Feb. 16, 2006) (defendants will not be compelled to produce documents that are "equally available to plaintiff in his prison medical file or in the prison law library."). Defendants' position that plaintiff's medical records are equally available to plaintiff is well-taken, and such objection is sustained.

Moreover, defendants' responses reflect that despite their objections, defendants attempted to comply with the requests by providing documents they believed were responsive to the request. In his reply, plaintiff objects to defendants' opposition, claiming he sought a list of documents each defendant individually reviewed or read, and was aware that plaintiff could then obtain copies of those records from plaintiff's medical files. However, a request for production of documents does not call for a list of documents. Rather, if plaintiff wanted each defendant to identify specific medical records he or she reviewed regarding plaintiff's cervical spondylitis, such a request is more properly propounded as an interrogatory.

For all of the above reasons, plaintiff's motion to compel further responses to the requests for production of documents is denied.

**Interrogatories**

Plaintiff challenges the objections to interrogatories nos. 2 and 3, and complains that defendants failed to answer interrogatory no. 4 and the remaining interrogatories.

Federal Rule of Civil Procedure 33 provides that, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a)(1). The Advisory Committee Notes to the 1993 Amendments to the Rule, state, in part, that:

> Each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of court (or a stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects.

5

> However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

Id.

The reference to "discrete" subparts suggests that subparts are not always to be counted as separate interrogatories. As some courts have explained, interrogatory subparts are to be counted as one interrogatory "if they are logically or factually subsumed within and necessarily related to the primary question." Safeco of America v. Rawstrom, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (citing Kendall v. GES Exposition Services, Inc., 174 F.R.D. 684, 685 (D. Nev. 1997)).

First, plaintiff challenges the objections to interrogatories 2 and 3. Defendants argue that plaintiff fails to acknowledge that, after asserting their objections, each defendant answered interrogatories 2 and 3. In his reply, plaintiff contends that he needs a court ruling on defendants' objections to ensure he is able to use defendants' responses at trial.

In plaintiff's interrogatory no. 2, he asked each defendant to state his or her full name, address, place of employment, job title, and position currently held, and the job title and position you held during each occurrence or event alleged in plaintiff's complaint. (ECF No. 49 at 24, 33, 42, 51.) Defendants objected that the interrogatory was compound, and vague and ambiguous as to "each occurrence or event." (Id.) Without waiving such objections, each defendant answered. Defendants' objections to interrogatory no. 2 are overruled, but in light of their responses, plaintiff's motion to compel further response is denied.

In plaintiff's interrogatory no. 3, he asked whether, at the time of each alleged incident, was any defendant acting as an agent or employee of any public entity, and if so, provide the name, address, telephone number of such entity, a full description of the defendant's duties, and the name of the immediate supervisor. (Id.) Defendants objected that the interrogatory was compound, and vague and ambiguous as to "each incident alleged." (Id.) Without waiving such objections, each defendant answered. Defendants' objections to interrogatory no. 3 are overruled, but in light of their responses, plaintiff's motion to compel further response is denied.

////

Second, plaintiff challenges the failure of defendants to respond to at least the first 21 subparts in interrogatory no. 4, or, in the alternative, to skip no. 4, and respond to the remaining interrogatories, but provides no legal authority. Plaintiff acknowledges that his interrogatory no. 4 exceeded the 25-interrogatory limit, claiming it was inadvertent (ECF No. 55 at 4), and asks the court to allow plaintiff to re-structure his interrogatories and require defendants to answer them.

Defendants contend that interrogatory no. 4 is similar to the interrogatories the court found overbroad and improper in Lawrence v. First Kansas Bank & Trust Co., 169 F.R.D. 657, 660-61 (D. Kan. 1996). Also, defendants argue plaintiff's interrogatory no. 4's subparts exceed the maximum 25 written interrogatories and therefore were not required to answer no. 4 or the remaining interrogatories.

**Interrogatory No. 4:**

> "For each denial contained in every paragraph of your answer to plaintiff's complaint state:
>
> a. Identify each person by name, address, job title, and location who has knowledge of those facts upon which you base each denial;
>
> b. State all facts upon which you base each denial of each allegation, stating which fact or facts pertain to which specific allegation denied;
>
> c. Identify each person by document or writing upon which you base each denial of each allegation, specifying which document or documents pertain to which specific allegation denied;
>
> d. Identify each person by name, address, job title and location who has possession, control of or dominion over each document specified in sub-part 'c' of this interrogatory."

(ECF No. 51 at 4.)

**Each defendant's response to Interrogatory No. 4:**

> Objection. Overly broad and unduly burdensome. Compound. Because this interrogatory contains at least four discrete subparts, and because the Defendants' answer to the Plaintiff's complaint contained at least partial denials of allegations in 37 paragraphs, this "interrogatory" actually contains at least 148 separate interrogatories. Plaintiff has exceeded the number of interrogatories permitted under the Federal Rules of Civil Procedure.

(ECF No. 51 at 5.)

The court is persuaded that plaintiff's interrogatory no. 4 is similar to the interrogatories

7

found overly-broad in Lawrence.  Moreover, because interrogatory no. 4 contains subparts requiring multiple responses that exceed the 25 interrogatory limit, defendants were not required to respond to no. 4 or the remaining interrogatories.  Fed. R. Civ. P. 33.  Defendants were under no legal obligation to ignore interrogatory no. 4 and respond to the remaining interrogatories.  Although plaintiff did not receive substantive responses to all of his interrogatories, defendants did respond to plaintiff's fifteen interrogatories, if only to raise their objections.

That said, in his request for extension of time to oppose the pending motion for summary judgment, plaintiff states that defendants refuse to acknowledge that they reviewed or read the reports from the experts under contract with the California Department of Corrections and Rehabilitation, and argues that until his discovery motion is resolved, he is without key evidence to refute the defendants' undisputed facts.  (ECF No. 56 at 1-2.)  As noted in his reply to defendants' opposition to the motion to compel discovery, plaintiff wanted to know whether each defendant read the five reports referenced in his request for production of documents.  Thus, it appears that targeted interrogatories may assist plaintiff in eliciting facts to address defendants' motion for summary judgment.  Fed. R. Civ. P. 56(d), (e).  Good cause appearing, plaintiff's request to "restructure" his interrogatories is granted, and discovery is reopened for a limited time for the sole purpose of addressing plaintiff's revised interrogatories.  Plaintiff is granted thirty days in which to propound a revised set of interrogatories to defendants, not to exceed ten (10) per defendant, including questions specifically targeted to the issues addressed in connection herewith.  Plaintiff shall not include interrogatories with subparts and should take care not to ask compound questions.  Contrary to the prior scheduling order, responses to the revised interrogatories shall be due **thirty** days after the revised interrogatories are served.  Discovery will close on April 30, 2019, and any motions necessary to compel further responses to the revised interrogatories shall be filed by that date.  Correspondingly, the pretrial motions (not motions to compel discovery) deadline is extended to June 7, 2019.  No further extensions of these deadlines will be granted.

Therefore, defendants' motion for summary judgment is denied without prejudice to its renewal.  Plaintiff's motion for extension of time is denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery (ECF No. 49) is granted in part and denied in part, as follows:

    a. Plaintiff's motion to compel further responses to the production of documents is denied;

    b. Plaintiff's motion to compel further responses to interrogatories is denied;

    c. Plaintiff is granted thirty days in which to propound revised interrogatories to defendants, not to exceed ten (10) interrogatories each. Defendants shall respond thirty days thereafter.

2. The discovery deadline is extended to April 30, 2019, solely for the purpose of addressing plaintiff's revised interrogatories.

3. All pretrial motions, except motions to compel discovery, shall be filed on or before June 7, 2019.

4. Defendants' motion for summary judgment (ECF No. 54) is denied without prejudice.

Dated: January 30, 2019

                                                          KENDALL J. NEWMAN
                                                          UNITED STATES MAGISTRATE JUDGE

/john1536.mtc