1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILLIAM JOHNSON,                          No.  2:16-cv-1536 JAM KJN P

12                      Plaintiff,

13          v.                                   ORDER

14    J. CHAU, et al.,

15                      Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

18    under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to

19    28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On December 20, 2019, the magistrate judge filed findings and recommendations herein

21    which were served on all parties and which contained notice to all parties that any objections to

22    the findings and recommendations were to be filed within fourteen days.  Plaintiff has filed

23    objections to the findings and recommendations.

24          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

25    court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the

26    court finds the findings and recommendations to be supported by the record and by proper

27    analysis.

28          Attached to plaintiff's objections is a declaration by plaintiff and a medical record.  (ECF

No. 73 at 27-34.)  The declaration addresses some findings made by the magistrate judge.  For example, the magistrate judge found that plaintiff provided no evidence demonstrating that following June 1, 2015, defendant Chau knew that plaintiff had previously tried methadone and that it did not effectively treat his pain.  (ECF No. 68 at 15.)  The magistrate judge found that plaintiff did not claim that after June 1, 2015, plaintiff told defendant Chau that he (plaintiff) had previously tried methadone and that it did not adequately treat his pain.  (Id.)  The magistrate judge also found that defendant Chau's alleged failure to review plaintiff's medical records did not amount to deliberate indifference.  (Id. at 14.)

In the declaration attached to his objections, plaintiff states that on more than one occasion, he tried to express to defendant Chau that when he used methadone in the past, it did not effectively relieve plaintiff's pain.  (ECF No. 32.)  Plaintiff also alleges that he observed defendant Chau reviewing plaintiff's electronic medical file during each appointment with him.  (Id. at 33.)

The undersigned declines to consider the new evidence attached to plaintiff's objections, including plaintiff's declaration.  See Brown v. Roe, 279 F.3d 742, 744-45 (9th Cir. 2002) (district court has discretion but is not required to consider evidence or claims presented for the first time in objections to a report and recommendation).  Plaintiff filed a 119 page opposition to defendants' summary judgment motion.  (ECF No. 64.)  Plaintiff had ample opportunity to present evidence in support of his claims.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 20, 2019, are adopted in full;

2. Defendants' summary judgment motion (ECF No. 58) is granted as to plaintiff's Eighth Amendment claims; and

3. Plaintiff's state law claims are dismissed.

DATED:  May 5, 2020

/s/ John A. Mendez_____

UNITED STATES DISTRICT COURT JUDGE

2